# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WAYNE CLEMENTS,**

        Petitioner,

    v.                                    CASE NO. 19-3159-SAC

**STATE OF KANSAS,**

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for mandamus filed under 28 U.S.C. §1651 by a prisoner in state custody. Petitioner seeks an order directing the District Court of Rooks County, Kansas, to rule on his motion for replevin filed in April 2019.

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### Discussion

The common law writ of mandamus is codified in 28 U.S.C. § 1651(a) and states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943).

This authority, however, does not extend to the supervision of the state courts. Rather, it is settled that a federal court has no jurisdiction to order a Kansas state court to take action. *See, e.g., Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992)("Federal Courts have no authority to issue a writ of mandamus to a state judge."); and *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)(federal courts "have no authority to issue [mandamus] to direct state courts or their judicial officers in the performance of their duties"); *see also Smith v. United States Ct. of Appeals, Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007)("declin[ing] to recast [plaintiff's] request for mandamus as a § 1983 claim" and "adher[ing] to our general prohibition on issuing a writ of mandamus to a state court judge").

Therefore, this matter must be dismissed, as the Court has no jurisdiction to issue the mandamus remedy sought by petitioner.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED: This 27th day of August, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge